UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| IN RE ALLIED NEVADA GOLD CORP., SECURITIES LITIGATION, | Case No. 3:14-cv-00175-LRH-WGC<br><br>ORDER |
|---|---|

On January 16, 2020, the parties filed a Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, in which the parties consented to have a United States magistrate judge conduct all proceedings, including trial, entry of final judgment, and all post-trial proceedings in the above captioned case. ECF No. 193. Pursuant to 28 U.S.C. § 636(c)(1), "[u]pon the consent of the parties, a full-time Untied States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves." Thus far, while the parties have consented, the undersigned has not yet designated a magistrate judge to exercise such jurisdiction.

"The power to cancel a reference, taken together with the retention by Article III judges of the power to designate magistrate positions and to select and remove individual magistrates, provides Article III courts with continuing, plenary responsibility for the administration of the judicial business of the United States." *Pacemaker Diagnostic Clinic of Am., Inc. v. Instromedix, Inc.*, 725 F.2d 537, 546 (9th Cir. 1984) (en banc), *cert. denied*, 469 U.S. 824 (1984). Upon review

of the above captioned case, the court finds good cause to deny the reference in this case and retain jurisdiction. *See* 28 U.S.C. § 636(c)(4) ("The court may, for good cause shown on its own motion, . . . vacate a reference of a civil matter to a magistrate judge under this subsection."); FED. R. CIV. P. 73(b)(3) ("On its own for good cause . . . the district judge may vacate a referral to a magistrate judge under this rule). This case, pending before the court since 2014, involves complex securities litigation. The undersigned and Magistrate Judge Cobb have conferred and conclude that given the magistrate judge's already heavy case load and limited staff, adding such a complex case is not in the best interest of the judicial efficiency of the court or the parties.

IT IS THEREFORE ORDERED that the parties' Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (ECF No. 193) is **DENIED.** Dispositive pre-trial motions, trial, post-trial matters, and entry of final judgment will remain with the undersigned.

IT IS SO ORDERED.

DATED this 6th day of February, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE