UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re ALLIED NEVADA GOLD CORP., SECURITIES LITIGATION | Case No. 3:14-cv-00175-LRH-WGC |
| | CLASS ACTION |
| This Document Relates To: | ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT, GRANTING CONDITIONAL CLASS CERTIFICATION, AND PROVIDING FOR NOTICE TO THE CLASS |
| ALL ACTIONS. | |

This above-entitled action (the "Action") comes before this Court (the "Court") on Lead Plaintiff's Motion for: (1) Preliminary Approval of Proposed Settlement; (2) Certification of the Class for Purposes of Settlement; (3) Approval of Notice to the Class; and (4) Scheduling of a Settlement Hearing ("Motion") and on the Stipulation of Settlement dated January 24, 2020 ("Stipulation") entered into by Lead Plaintiff and the Defendants in the Action. The Court has reviewed the Motion, the Memorandum, and the Stipulation with the attached exhibits, which set forth the terms and conditions for a proposed settlement of and for dismissal of the Action with prejudice, upon the terms and conditions of the Stipulation, and finds that the Motion should be granted.

- 1 -

All defined terms used in this Order shall have the same meanings as set forth in the Stipulation unless expressly indicated otherwise herein.

**NOW, THEREFORE**, the Court hereby **ORDERS**:

1. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, including the releases contained therein, as being fair, reasonable, and adequate as to the Class Members, subject to further consideration at the Settlement Hearing described below. Therefore, the motion for preliminary approval of the proposed Settlement is **GRANTED.**

2. For purposes of settlement only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court hereby certifies a Class consisting of all Persons who purchased Allied common stock in the United States or on a securities exchange in the United States during the Class Period. Excluded from the Class are: (i) Allied, its predecessors, successors, and subsidiaries; (ii) Defendants; (iii) the officers and directors of Allied during the Class Period; (iv) members of the immediate families of any Defendant; (v) any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and (vi) the heirs, successors, and assigns of any Person excluded from the Class pursuant to Paragraph 1.5 of the Stipulation. Also excluded from the Class is any Class Member who validly and timely requests exclusion in accordance with the requirements set by the Court.

3. Solely for the purposes of effectuating the Settlement, the Court finds and concludes that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, as follows:

    (a) the members of the Class are so numerous that joinder of all members is impracticable;

    (b) there are questions of law and fact common to the Class;

  (c)  the claims and defenses of the representative parties are typical of the Class;

  (d)  the representative parties will fairly and adequately protect the interests of the Class; and

  (e)  the Action satisfies the requirements of Fed. R. Civ. P. 23(b)(3) in that there are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Solely for the purposes of effectuating the Settlement, the Court finds that Lead Plaintiff Andrey Slomnitsky possesses claims that are typical of the claims of Class Members and that he has and will adequately represent the interest of Class Members, and the Court appoints him as the representatives of the Class and appoints Lead Counsel, Brower Piven, A Professional Corporation, as counsel for the Class.

5. If for any reason the Settlement does not receive Final Court Approval, the Stipulation, including any amendment(s) thereof, and this Order certifying the Class solely for purposes of the Settlement shall, without the need for further action by the Court or any of the Lead Plaintiff and Defendants, be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity.  Each party shall be restored to his, her or its respective position as it existed as of October 10, 2019.  In such circumstances, each of the parties shall retain its currently existing rights to seek or to object to the certification of this litigation as a class action under Fed. R. Civ. P. 23, or any state or federal rule, statute, law, or provision, and to contest and appeal any

grant or denial of certification in this litigation or in any other litigation on any other grounds.

6. A hearing ("Settlement Hearing") shall be held before this Court on Monday, November 16, 2020, at 10:00 a.m. (Pacific) for the following purposes:

(a) to determine whether the Court should grant final certification to the Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3);

(b) to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court;

(c) to determine whether a Judgment should be entered;

(d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(e) to determine whether any applications by Lead Counsel for an award of attorneys' fees and/or litigation expenses should be approved;

(f) to determine whether an award of reasonable costs and expenses to Lead Plaintiff directly relating to his representation of the Class should be approved; and

(g) to rule upon such other matters as the Court may deem appropriate.

7. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice") for publication, annexed as Exhibits 1-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice in the manner and form set forth in this Order meet the requirements of Fed. R. Civ. P. 23, the Securities Exchange Act of 1934, 15 U.S.C. §78u-

4(a)(7), as amended, including the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons and entities entitled to notice.

8.   Defendants are required to serve the notice required under the Class Action Fairness Act of 2005, 28 U.S.C. §1715 et seq. ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Counsel for Defendants shall, at or before the Final Approval Hearing, file with the Court proof of compliance with CAFA.

9.   Epiq Class Action and Claims Solutions, Inc. ("Claims Administrator") is hereby appointed, under the supervision of Lead Counsel, to administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)   With ten (10) business days after entry of the Preliminary Approval Order, Defendants shall use their best efforts to provide the Claims Administrator, at no cost to Lead Plaintiff or the Class, reasonably available transfer records in electronic searchable form, such as Excel, containing the names and addresses of record holders who purchased Allied common stock during the Class Period. It shall be solely Lead Counsel's responsibility to disseminate the Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court. Class Members shall have no recourse as to the Released Defendant Parties with respect to any claims they may have that arise from any failure of the notice process.

(b)   No later than fifteen (15) business days after entry of this Order, the Claims Administrator shall cause a copy of the Notice, substantially in the form annexed hereto as Exhibit A-1 and Proof of Claim, substantially in the form annexed hereto as Exhibit 3, to be mailed by first class mail to all potential Class Members who can be identified with reasonable effort;

(c)   The Claims Administrator shall cause the Summary Notice, in substantially

the form annexed as Exhibit 3, to be published three (3) separate times, with no less than four (4) business days between each publication, over the *PR Newswire* and/or similar national business-oriented newswire(s), with such publication completed no later than twenty-eight (28) calendar days after the mailing of the Notice; and

(d)   No later than thirty (30) calendar days before the Settlement Hearing, Lead Counsel shall cause proof, by affidavit or declaration, of such mailing and publishing to be filed with the Court and served on Defendants' Counsel.

10.   All banks, securities brokers and other nominees who purchased the common stock of Allied for the beneficial ownership of Class Members during the Class Period shall send the Notice to all beneficial owners of such Allied common stock within seven (7) calendar days after receipt of the Notice from the Claims Administrator, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days of receipt of receipt of the Notice from the Claims Administrator, in which event the Claims Administrator shall promptly mail the Notice to such beneficial owners. The Claims Administrator shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are potential Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

11.   In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a)   A properly executed Proof of Claim, substantially in the form attached to

the Notice, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked or delivered no later than one hundred and fifty (150) calendar days after entry of this Order. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Any Class Member who does not submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall in other respects be bound by the terms of the Stipulation. Notwithstanding the foregoing, Lead Counsel shall have discretion to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund is not materially delayed thereby.

(b) The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation as are specified in the Proof of Claim and as are reasonably available to the Authorized Claimant for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete

and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Stipulation.

12. All Class Members shall be bound by all determinations and judgments in this Action, concerning the Settlement, including but not limited to the releases provided for in the Stipulation, whether favorable or unfavorable, except those who are found by the Court to have previously timely and validly requested exclusion from the Class. The Persons who request exclusion from the Class will be excluded from the Class and shall have no rights under the Stipulation, shall not be entitled to submit any Proof of Claim forms, shall not share in the distribution of the Net Settlement Fund as described in the Stipulation and in the Notice, and shall not be bound by the Stipulation or the Judgment entered as to the Defendants in the Action.

13. To request exclusion from the Class, a putative Class Member must send a letter, postmarked or delivered, no later than one hundred and ten (110) calendar days after entry of this Order to the Claims Administrator. For a request for exclusion to be valid, the putative Class Member's request for exclusion must include the Class Member's name, current address, and daytime and evening telephone numbers; the dates of all such Class Member's purchases and/or sales of Allied common stock during the Class Period; the number of shares purchased and/or sold on each such date; the prices paid and/or received for all such shares on each such date; and a clear and unambiguous statement that such putative Class Member wishes to be excluded from the Class. No further opportunity to request exclusion will be given in this Action. A Class Member's failure to comply with the foregoing requirements for requesting exclusion from the Class will

result in such request being invalid and ineffective.

14. Lead Counsel shall promptly provide Defendants' Counsel copies of all requests for exclusion.

15. Pending final determination of whether the Stipulation should be approved, Lead Counsel, Lead Plaintiff, and Class Members are barred and enjoined from commencing or prosecuting any action asserting any Released Claims against any Released Defendant Party and all proceedings in the Action shall be stayed until further order of this Court, except as may be necessary to comply with the terms of the Stipulation, or implement the Settlement.

16. Any Class Member may enter an appearance in the Action, individually or, at their own expense, through counsel of their own choice, in which case such counsel must file with the Clerk of the Court and deliver to Lead Counsel and Defendants' Counsel a notice of such appearance no later than one hundred and five (105) calendar days after entry of this Order. If they do not enter an appearance, they will be represented by Lead Counsel.

17. All papers in support of the Settlement, the Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses to Lead Plaintiff's Counsel, and Lead Plaintiff's request for an award for reasonable costs and expenses shall be filed no later than seventy-five (75) calendar days after entry of this Order.

18. Any Class Member may appear and show cause, if he, she, or it has any, why the proposed Settlement should not be approved as fair, reasonable, and adequate, why the Plan of Allocation should not be approved as fair and equitable, why Lead Counsel's application for an award of attorneys' fees and/or why Lead Counsel's application for an order reimbursing litigation expenses should not be granted, and/or why Lead Plaintiff's request for an award for reasonable costs and expenses should not be granted; provided, however, that no Person or entity shall be

heard or entitled to contest such matters, unless that Person or entity has delivered by hand or sent by first class mail written objections and copies of all papers and briefs any such Person and entity wishes to submit in support of any such objection delivered or post-marked no later than one hundred and ten (110) calendar days after entry of this Order to each of the following:

BROWER PIVEN
 A Professional Corporation
Charles J. Piven
3704 North Charles Street, #1301
Baltimore, MD 21218

*Lead Counsel for the Class*

SULLIVAN & CROMWELL LLP
Robert A, Sacks
1888 Century Park East, Suite 2100
Los Angeles, CA 90067

*Defendants' Counsel*

Any Person that does not make his, her, or its objection in the manner provided in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, unless otherwise ordered by the Court. Any papers in response to any such objections and/or in further support of the above-noted motions shall be filed no later than ten (10) business days before the Settlement Hearing.

19. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20. All reasonable costs and expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts

reasonably incurred or disbursed pursuant to the Stipulation for costs and expenses of providing notice and administration of the Settlement.

21. This Order, the Stipulation, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order and the Stipulation, shall not constitute evidence, or an admission by any of the Defendants or the other Released Defendant Parties, that any acts of wrongdoing have been committed and shall not be deemed to create any inference that there is any liability on the part of any of the Defendants or any other Released Defendant Party. This Order, the Stipulation, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order and the Stipulation, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind or character in the United States or any other country except as necessary to enforce the terms of this Order and/or the Stipulation.

22. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Lead Plaintiff and Defendants, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED: 6/10/20

_____
The Honorable Larry R. Hicks
United States District Judge
District of Nevada