BROWER PIVEN
  A Professional Corporation
DAVID A.P. BROWER (Admitted *Pro Hac Vice*)
136 Madison Avenue, 5th Floor
New York, New York 10016
Telephone:  212/501-9000
Facsimile:   (212) 501-0300
brower@browerpiven.com

*Lead Counsel for the Class*

MUCKLEROY LUNT, LLC
MARTIN A. MUCKLEROY
Nevada Bar No. 009634
6077 South Fort Apache Road, Suite 140
Las Vegas, Nevada 89148
Telephone: (702) 907-0097
Facsimile: (702) 938-4065
martin@muckleroylunt.com

*Counsel for Lead Plaintiff Andrey Slomnitsky
and Liaison Counsel for the Class*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re ALLIED NEVADA GOLD CORP., SECURITIES LITIGATION | Case No. 3:14-cv-00175-LRH-WGC |
| | CLASS ACTION |
| This Document Relates To: | MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL CERTIFICATION OF THE CLASS AND FINAL APPROVAL OF THE NOTICE TO THE CLASS |
| ALL ACTIONS. | |

**TABLE OF CONTENTS**

Page

I.     PRELIMINARY STATEMENT ............................................................1

II.    PROCEDURAL AND FACTUAL BACKGROUND ..........................2

III.   CERTIFICATION OF THE SETTLEMENT CLASS UNDER FED. R.
       CIV. P. 23 IS APPROPRIATE ........................................................3

       A.    The Class Is Sufficiently Numerous .....................................3

       B.    Common Questions of Law or Fact Exist..............................4

       C.    Lead Plaintiff's Claims Are Typical of Those of the Class .........5

       D.    Lead Plaintiff Is an Adequate Representative of the Class.........5

       E.    The Requirements of FED. R. CIV. P. 23(b)(3) Are Also Satisfied .............6

             1.    Common Legal and Factual Questions Predominate in the
                   Action.........................................................6

             2.    A Class Action Is the Superior Means to Adjudicate Lead
                   Plaintiff's Claims ...........................................7

IV.    NOTICE TO THE CLASS SATISFIES THE REQUIREMENTS OF THE
       FEDERAL RULES OF CIVIL PROCEDURE, THE PSLRA AND DUE
       PROCESS ...................................................................7

V.     CONCLUSION.................................................................14

# TABLE OF AUTHORITIES

**Page**

## CASES

*Amchem Prods., Inc. v. Windsor,*
    521 U.S. 591 (1997) ........................................................................5, 6, 7

*Booth v. Strategic Realty Tr. Inc.*,
    No 13-cv-04921-JST, 2015 U.S. Dist. LEXIS 84143
    (N.D. Cal. June 28, 2015) ...............................................................5

*Cannon v. Texas Gulf Sulphur Co.*,
    55 F.R.D. 308 (S.D.N.Y. 1972) .......................................................9

*DeJulius v. New England Health Care Employees Pension Fund,*
    429 F.3d 935 (10th Cir. 2005) .........................................................8

*Eisen v. Carlisle & Jacquelin*,
    417 U.S. 156 (1974) .........................................................................8

*Ellis v. Costco Wholesale Corp.*,
    657 F.3d 970 (9th Cir. 2011) ........................................................5, 6

*Handschu v. Special Servs. Div.*,
    787 F.2d 828 (2d Cir. 1986) ............................................................9

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 ( 9th Cir. 1998) .....................................................4, 6

*In re Equity Funding Corp. of Am. Sec. Litig.*,
    603 F.2d 1353 (9th Cir. 1979) .........................................................8

*In re Immune Response Sec. Litig.*,
    497 F. Supp. 2d 1166 (S.D. Cal. 2007)..........................................13

*In re Mercury Interactive Corp. Sec. Litig.*,
    618 F.3d 988 (9th Cir. 2010) .........................................................11

*In re THQ, Inc. Sec. Litig.*,
    No. 00-1783-AHM (Ex), 2002 U.S. Dist. LEXIS 7753
    (C.D. Cal. Mar. 22, 2002) ......................................................3, 5, 6, 7

*In re Toyota Motor Corp. Unintended Acceleration Mktg.*,
    No. 8:10ML2151-JVS, 2012 U.S. Dist. LEXIS 183941
    (C.D. Cal. Dec. 28, 2012) ...............................................................6

**Page**

*In re Unioil Sec. Litig.*,
    107 F.R.D. 615 (C.D. Cal. 1985) ..................................................................7

*In re United Energy Corp. Solar Power Modules Tax Shelter Invs. Sec. Litig.*,
    122 F.R.D. 251 (C.D. Cal. 1988) ..................................................................7

*In re Wireless Facilities, Inc. Sec. Litig.*,
    253 F.R.D. 630 (S.D. Cal. 2008) ................................................................13

*Lundell v. Dell, Inc.*,
    No. C05-3970-JW/RS, 2006 U.S. Dist. LEXIS 90990
    (N.D. Cal. Dec. 4, 2006) ...............................................................................3

*Marshall v. Holiday Magic, Inc.*,
    550 F.2d 1173 (9th Cir. 1977) ...............................................................9, 12

*Mendoza v. United States*,
    623 F.2d 1338 (9th Cir. 1980) ......................................................................8

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) ......................................................................................8

*Negrete v. Allianz Life Ins. Co. of N. Am.*,
    No. 05-6838, 2012 U.S. Dist. LEXIS 182796
    (C.D. Cal. Dec. 27, 2012) .............................................................................5

*O'Brien v. National Prop. Analysts Partners*,
    739 F. Supp. 896 (S.D.N.Y. 1990) ...............................................................9

*Powers v. Eichen*,
    229 F.3d 1249 (9th Cir. 2000) ......................................................................9

*Rodriguez v. Carlson*,
    166 F.R.D. 465 (E.D. Wash. 1996) ..............................................................4

*Rodriguez v. Hayes*,
    591 F.3d 1105 (9th Cir. 2010) ......................................................................4

*Rodriguez v. West Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ......................................................................13

*Rosenbaum v. MacAllister*,
    64 F.3d 1439 (10th Cir. 1995) ....................................................................10

**Page**

*Schneider v. Traweek*,
No. 88-0905-RG, 1990 U.S. Dist. LEXIS 15596
(C.D. Cal. July 31, 1990) ...........................................................................................4

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
396 F.3d 96 (2d Cir. 2005)..........................................................................................9

*Weinberger v. Kendrick*,
698 F.2d 61 (2d Cir. 1982)..........................................................................................9

*Yslava v. Hughes Aircraft Co.*,
845 F. Supp. 705 (D. Ariz. 1993) ...............................................................................4

**STATUTES, RULES AND REGULATIONS**

15 U.S.C
    §78u-4(a)(7)....................................................................................................12, 13
    §78u-4(a)(7)(A)......................................................................................................12
    §78u-4(a)(7)(B)......................................................................................................12
    §78u-4(a)(7)(C)......................................................................................................13
    §78u-4(a)(7)(D)......................................................................................................12
    §78u-4(a)(7)(E)......................................................................................................12
    §78u-4(a)(7)(F)......................................................................................................13

Private Securities Litigation Reform Act.................................................7, 12, 13, 14

Federal Rules of Civil Procedure
    Rule 23 .............................................................................................................3, 9, 13
    Rule 23(a)....................................................................................................... *passim*
    Rule 23(a)(1)..............................................................................................................3
    Rule 23(a)(2)..............................................................................................................4
    Rule 23(b) ..................................................................................................................3
    Rule 23(b)(3)...............................................................................................1, 2, 6, 7
    Rule 23(b)(3)(D)........................................................................................................7
    Rule 23(c)(2)..........................................................................................................1, 3
    Rule 23(c)(2)(b).........................................................................................................8
    Rule 23(c)(3)........................................................................................................9, 11
    Rule 23(c) and (e).................................................................................................8, 13
    Rule 23(e)(1)..........................................................................................................1, 3
    Rule 23(e)(1)(B).....................................................................................................7, 8
    Rule 23(h) ...........................................................................................................10, 11

**Page**

Federal Rules of Evidence
    Rule 52(a)...................................................................................10
    Rule 54(d)(2)..............................................................................10
    Rule 54(d)(2)(D)........................................................................10
    Rule 408 ......................................................................................1

**SECONDARY AUTHORITIES**

1 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* §3.5 (4th
    ed. 2002) ......................................................................................4

## I.   PRELIMINARY STATEMENT

Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and Rule 408 of the Federal Rules of Evidence, lead plaintiff Andrey Slomnitsky ("Lead Plaintiff") in the above-entitled action (the "Action"), submits this memorandum in support of final certification of the Class, as defined herein, and pursuant to FED. R. CIV. P. 23(c)(2) and 23(e)(1) final approval of the forms and methods for providing notice of the proposed settlement (the "Settlement") as set forth in the Stipulation and Agreement of Settlement, dated January 24, 2020 (the "Stipulation"),[1] between Lead Plaintiff and Defendants Scott Caldwell, Robert Buchan, Randy Buffington and Stephen Jones (collectively, "Defendants").

Pursuant to the Preliminary Order for Notice and Hearing in Connection with Settlement Proceedings signed on June 10, 2020 (the "Preliminary Approval Order"), this Court certified a class consisting of all those who purchased or otherwise acquired the common stock of Allied Nevada Gold Corporation ("Allied") in the United States or on a securities exchange in the United States between January 18, 2013 through August 5, 2013, inclusive, and who were damaged thereby (*i.e.*, the "Class" and "Class Period").  Excluded from the Class are the Defendants, any entity in which Defendants or any excluded person has or had a controlling ownership interest, the officers and directors of Allied, members of any such excluded person's immediate families, and the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party.

Additionally, pursuant to the Preliminary Approval Order, the Notice of Proposed Settlement of Class Action (the "Notice") and Proof of Claim form was mailed to 18,957 potential nominees and Class members beginning on July 1, 2020.  *See* Declaration of Michael McGuinness of Epiq Class Action & Solutions, Inc. ("Epiq"), the professional

---

[1]   All terms not defined herein have the same definitions as in the Stipulation.

class action administration company appointed by the Court in its Preliminary Approval Order Regarding (A) Mailing of Notice and Claim Form; (B) Publication of Summary Notice; (C) Call Center Services; (D) Posting of Notice and Claim Form on Settlement Website; and (E) Report on Objections or Requests for Exclusion Received to date, dated August 20, 2020 ("Epiq Declaration" or "Epiq Decl."), attached as Exhibit A to the Declaration of David A.P. Brower in Support of Plaintiff's Motion for Final Certification of the Class, Final Approval of the Class Notice, Final Approval of the Proposed Settlement, Approval of the Proposed Plan of Allocation, and Plaintiff's Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses and Lead Plaintiff's Request For Reimbursement For His Time and Expenses of Lead Plaintiff, dated August 24, 2020 (the "Brower Declaration").  In addition, the Summary Notice of Proposed Settlement of Class Action and Settlement Hearing ("Summary Notice") was published over the *PR Newswire* on July 8, 2020, July 15, 2020, and July 22, 2020.  *See* Epiq Decl. at ¶11.  The last day to file objections to any aspect of the Settlement is September 28, 2020.  As of August 24, 2020, neither Plaintiff's Counsel[2] nor the Claims Administrator has received any objection to final certification of the Class or the forms and methods utilized to provide notice to the Class.  *See* Brower Decl., at ¶71; Epiq Decl., at ¶16.

## II.   PROCEDURAL AND FACTUAL BACKGROUND

An extensive review of the facts and circumstances surrounding the institution of this Action, its procedural history, Lead Plaintiff's factual investigation, the settlement negotiations, the efforts of Plaintiff's Counsel, and the amount recovered for the Class are set forth in the Brower Declaration.  This Memorandum will focus upon the applicable legal standards for certification of the Class, for settlement purposes, under FED. R. CIV. P.

---

[2]  Lead Counsel is Brower Piven, A Professional Corporation ("Brower Piven").  Plaintiff's Counsel are Brower Piven, Robbins Geller Rudman & Dowd LLP, and Muckleroy & Lunt, LLC.

23(a) and 23(b)(3) and the requirements of FED. R. CIV. P. 23(c)(2) and 23(e)(1) and due

process for providing adequate notice to a Class of a proposed Settlement.

III.   **CERTIFICATION OF THE CLASS UNDER FED. R. CIV. P. 23 IS APPROPRIATE**

Because the Settlement was reached prior to a decision by the Court regarding class

certification, Defendants have agreed to certification of the Class for settlement purposes.

FED. R. CIV. P. 23 provides that an action may be maintained as a class action if each of

the four prerequisites of FED. R. CIV. P. 23(a) is met and, in addition, the action qualifies

under one of the subdivisions of FED. R. CIV. P. 23(b).  FED. R. CIV. P. 23(a) provides that:

> One or more members of a class may sue or be sued as representative parties
> on behalf of all members only if: (1) the class is so numerous that joinder
> of all members is impracticable; (2) there are questions of law or fact
> common to the class; (3) the claims or defenses of the representative parties
> are typical of the claims or defenses of the class; and (4) the representative
> parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(b) provides, in relevant part:

> A class action may be maintained if Rule 23(a) is satisfied and if: . . . (3)
> the court finds that the questions of law or fact common class members
> predominate over any questions affecting only individual members, and that
> a class action is superior to other available methods for fairly and efficiently
> adjudicating the controversy.

Although certification of the Class is requested solely to effectuate the Settlement, as set

forth below, all of the requirements of FED. R. CIV. P. 23 are easily met.

A.   **The Class Is Sufficiently Numerous**

FED. R. CIV. P. 23(a) first requires that the proposed class be so numerous that

joinder of all members is difficult or impracticable.  FED. R. CIV. P. 23(a)(1).  "[I]n general,

courts have held that joinder is practicable where there are less than 25 parties, and

impracticable where there are more than 35."  *In re THQ, Inc. Sec. Litig.*, No. 00-1783-

AHM (Ex), 2002 U.S. Dist. LEXIS 7753, at *9-*10 (C.D. Cal. Mar. 22, 2002); *see also*

*Lundell v. Dell, Inc.*, No. C05-3970-JW/RS, 2006 U.S. Dist. LEXIS 90990, at *4 (N.D.

Cal. Dec. 4, 2006) (noting that "numerosity [is] generally met if the class consists of more

1    than 40 members"). Here, joinder is certainly impracticable. While the precise number of

2    Allied shareholders is unknown, based on the mailing of the Notice to almost 19,000

3    potential Class members and nominees, Lead Plaintiff believes there are thousands of

4    members in the Class, which easily satisfies numerosity. *See* 1 Alba Conte & Herbert B.

5    Newberg, *Newberg on Class Actions* §3.5 at 246 (4th ed. 2002) ("Certainly, when the class

6    is very large, for example, numbering in the hundreds, joinder will be impracticable.").

7    **B.    Common Questions of Law or Fact Exist**

8    FED. R. CIV. P. 23(a)(2) requires that there be "questions of law or fact common to

9    the [members of the] class." Like all the requirements of FED. R. CIV. P. 23(a), the

10   commonality requirement is construed liberally: "'[T]hose courts that have focused on

11   Rule 23(a)(2) have given it a permissive application so that common questions have been

12   found to exist in a wide range of contexts. The rule does not require all questions of law

13   and fact to be common.'" *Rodriguez v. Carlson*, 166 F.R.D. 465, 472 (E.D. Wash. 1996);

14   *Schneider v. Traweek*, No. 88-0905-RG (Kx), 1990 U.S. Dist. LEXIS 15596, at *14-*16

15   (C.D. Cal. July 31, 1990).[3]

16   It is well established that the commonality requirement is satisfied if the claims of

17   the prospective class share even one central question of fact or law. *See Rodriguez v.*

18   *Hayes*, 591 F.3d 1105, 1122 (9th Cir. 2010) ("'The commonality requirement will be

19   satisfied if the named plaintiffs share at least one question of fact or law with the grievances

20   of the prospective class.'"); *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1019-20 ( 9th Cir.

21   1998); Conte & Newberg, *supra*, §3.10 at 271-290. "The existence of shared legal issues

22   with divergent factual predicates is sufficient, as is a common core of salient facts coupled

23   with disparate legal remedies within the class." *Hanlon*, 150 F.3d at 1019; *see also Yslava*

24   *v. Hughes Aircraft Co.*, 845 F. Supp. 705, 712 (D. Ariz. 1993) ("A common question is

25   one which arises from a 'common nucleus of operative facts' regardless of whether the

26

27   _____

     [3]    Unless otherwise noted, citations are omitted and emphasis is added throughout.

28

- 4 -

1   underlying facts fluctuate over the class period and vary as to individual claimants.").[4]

2   Accordingly, common questions of law and fact exist in this Action such that certification

3   as a class action is appropriate.

4       **C.**    **Lead Plaintiff's Claims Are Typical of Those of the Class**

5       "'The test of typicality "is whether other members have the same or similar injury,

6   whether the action is based on conduct which is not unique to the named plaintiffs, and

7   whether other class members have been injured by the same course of conduct."'" *Ellis v.*

8   *Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011); *see also Booth v. Strategic*

9   *Realty Tr. Inc.*, No 13-cv-04921-JST, 2015 U.S. Dist. LEXIS 84143, at *10-*11 (N.D. Cal.

10  June 28, 2015); *Negrete v. Allianz Life Ins. Co. of N. Am.*, No. 05-6838, 2012 U.S. Dist.

11  LEXIS 182796, at *38 (C.D. Cal. Dec. 27, 2012); *THQ*, 2002 U.S. Dist. LEXIS 7753, at

12  *12.  As Lead Plaintiff's claims arise from the same course of conduct and are predicated

13  on the same legal theories as the claims of all other Class members, these claims easily

14  satisfy the typicality requirement of FED. R. CIV. P. 23(a).

15      **D.**    **Lead Plaintiff Is an Adequate Representative of the Class**

16      The adequacy requirement "serves to uncover conflicts of interest between named

17  parties and the class they seek to represent."  *Amchem Prods., Inc. v. Windsor*, 521 U.S.

18  591, 625 (1997).  "The Ninth Circuit has found representation adequate where (1) counsel

19  for the class is qualified and competent, (2) the representatives' interests are not

20  antagonistic to those of the absent class members, and (3) it is unlikely that the action is

21

22              

23  [4]   The common questions of law and fact here are overwhelming and include: whether
    Defendants' alleged acts violated the federal securities laws; whether Defendants
24  participated in and pursued the common course of conduct complained of herein; whether
    documents, SEC filings, press releases and other statements disseminated to the investing
25  public and Allied stockholders during the Class Period misrepresented material facts about
    the business of Allied; whether the market prices of Allied's stock during the Class Period
26  were artificially inflated due to material misrepresentations and the failure to correct the
    material misrepresentations complained of herein; and to what extent Class members have
27  sustained damages and the proper measure of damages.

28

1  collusive." *THQ*, 2002 U.S. Dist. LEXIS 7753, at *20; *see also Ellis*, 657 F.3d at 985; *In*

2  *re Toyota Motor Corp. Unintended Acceleration Mktg*., No. 8:10ML2151-JVS, 2012 U.S.

3  Dist. LEXIS 183941, at *211 (C.D. Cal. Dec. 28, 2012).

4        Here, there are no conflicts between the Lead Plaintiff and absent Class members.

5  That Lead Plaintiff has pursued this litigation for almost six years, overcome repeated

6  dismissals, and recovered $14,000,000 for the Class he has represented dispels any thought

7  that he has any antagonisms with other Class members or colluded with Defendants.  Lead

8  Plaintiff's adequacy is also demonstrated by the fact that he has retained experienced

9  counsel to bring this Action against Defendants.   Plaintiff's Counsel are nationally

10  recognized class action law firm, which have been appointed throughout the country

11  (including repeatedly in this Circuit) as lead counsel in this and numerous other securities

12  class actions.   Accordingly, both Lead Plaintiff and Plaintiff's Counsel are more than

13  adequate to represent the Class.

14       **E.**    **The Requirements of FED. R. CIV. P. 23(b)(3) Are Also Satisfied**

15        FED. R. CIV. P. 23(b)(3) authorizes certification where, in addition to the

16  prerequisites of FED. R. CIV. P. 23(a), common questions of law or fact predominate over

17  any individual questions and a class action is superior to other available means of

18  adjudication.  *Amchem*, 521 U.S. at 591-94.   The Action easily meets FED. R. CIV. P.

19  23(b)(3)'s requirements.

20       **1.**    **Common Legal and Factual Questions Predominate in**
                  **the Action**

21

22        The Supreme Court has held that the predominance test is "readily met in . . . cases

23  alleging . . . securities fraud . . . ." *Amchem*, 521 U.S. at 625.  In analyzing whether common

24  questions predominate, the Court must evaluate whether proving the elements of plaintiff's

25  claims can be done through common questions of fact or law, or whether the proof will be

26  overwhelmed with individual issues.  *See Hanlon*, 150 F.3d at 1022.  The predominance

27  inquiry tests "whether proposed classes are sufficiently cohesive to warrant adjudication

28

1  by representation." *Amchem*, 521 U.S. at 623; *see also THQ*, 2002 U.S. Dist. LEXIS 7753,

2  at *30 ("Plaintiffs' claim – which is based on a series of misrepresentations and market

3  manipulations – clearly satisfies the requirement that common questions predominate over

4  those affecting individual members.") (citing *In re United Energy Corp. Solar Power*

5  *Modules Tax Shelter Invs. Sec. Litig.*, 122 F.R.D. 251, 256 (C.D. Cal. 1988) (finding that

6  common questions such as the knowledge of the defendants and the truth or falsity of their

7  representations predominated))*; In re Unioil Sec. Litig.*, 107 F.R.D. 615, 622 (C.D. Cal.

8  1985) (holding that common questions predominated where the plaintiffs' claim was based

9  on a common nucleus of misrepresentations, material omissions and market

10  manipulations).  In this case, the common questions of law and fact identified above, *see*

11  n. 4, *supra*, predominate because the proof for the claims of misrepresentation, materiality,

12  reliance and Defendants' scienter are all based on a common nucleus of fact and common

13  course of conduct.

14              **2.      A Class Action Is the Superior Means to Adjudicate**
                          **Lead Plaintiff's Claims**
15

16          The second prong of FED. R. CIV. P. 23(b)(3) is essentially satisfied by the

17  Settlement itself.   As explained in *Amchem*, "[c]onfronted with a request for

18  settlement-only class certification, a district court need not inquire whether the case, if

19  tried, would present intractable management problems, *see* FED. R. CIV. P. 23(b)(3)(D), for

20  the proposal is that there be no trial." 521 U.S. at 620.  Thus, any manageability problems

21  that may have existed here - and Lead Plaintiff knows of none - are eliminated by the

22  Settlement.  Accordingly, it is appropriate to certify this litigation as a class action.

23  **IV.    NOTICE TO THE CLASS SATISFIES THE REQUIREMENTS OF**
            **THE FEDERAL RULES OF CIVIL PROCEDURE, THE PSLRA**
24          **AND DUE PROCESS**

25          FED. R. CIV. P. 23(e)(1)(B) requires the Court to direct notice in a reasonable

26  manner to all class members who would be bound by a proposed settlement, voluntary

27  dismissal, or compromise.  The notice procedure sought to reach the greatest number of

28

1    Class members possible.  Pursuant to the Preliminary Approval Order, the Notice, along

2    with the Court-approved form of Proof of Claim and Release, was mailed to over 18,990

3    Class members and potential nominees.  Epiq Decl. at ¶10.  In addition, after the initial

4    mailing of the Notice, Lead Plaintiff published the Summary Notice on three staggered

5    dates over the *PR Newswire*, a national business-oriented newswire service on July 8, 2020,

6    July 15, 2020, and July 22,2020.  *See id*., at ¶11.  Further, beginning on June 30, 2020, the

7    Notice and Proof of Claim were also posted on the Claim Administrator's website.  *See id*.,

8    at ¶14.  Moreover, a telephone helpline was set up to accommodate potential Class

9    members.  *See id*., at ¶¶12-13.

10       This method of giving notice, previously approved by the Court, is appropriate

11   because it directs notice in a "reasonable manner to all class members who would be bound

12   by the propos[ed judgment]," FED. R. CIV. P. 23(e)(1)(B), and clearly "'the best notice

13   practicable under the circumstances, including individual notice to all members who can

14   be identified through reasonable effort,'" *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173

15   (1974), and meets the requirements of FED. R. CIV. P. 23(c) and (e) and due process.  *See,*

16   *e.g.*, *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (notice need

17   only be "reasonably calculated, under all the circumstances, to apprise interested parties of

18   the pendency of the action and afford them an opportunity to present their objections").

19   Courts have repeatedly sustained notices in cases where the notice included only very

20   general information.  *See, e.g.*, *In re Equity Funding Corp. of Am. Sec. Litig.*, 603 F.2d

21   1353, 1361-62 (9th Cir. 1979); *Mendoza v. United States*, 623 F.2d 1338, 1351-52 (9th Cir.

22   1980).

23       The Notice here was also clearly sufficient with respect to its content.  *See, e.g.,*

24   *DeJulius v. New England Health Care Employees Pension Fund*, 429 F.3d 935, 945-47

25   (10th Cir.  2005) (finding notice program akin to the instant one satisfied due process).

26   FED. R. CIV. P. 23(c)(2)(b) requires the notice to state the following: (a) the nature of the

27   action; (b) the definition of the class certified; (c) the class claims, issues, or defenses; (d)

28

1  that a class member may enter an appearance through an attorney if the member so desires;

2  (e) that the court will exclude from the class any member who requests exclusion; (f) the

3  time and manner for requesting exclusion; and (g) the binding effect of a class judgment

4  on members under FED. R. CIV. P. 23(c)(3).  Settlement notices under FED. R. CIV. P. 23

5  do not need to delve into excessive details about the specifics of the settlement and the

6  legal claims of the parties.  *See, e.g., Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1178

7  (9th Cir. 1977) ("The aggregate amount available to all claimants was specified and the

8  formula for determining one's recovery was given.  Nothing more specific is needed.").[5]

9  Rather, notice is adequate if the average settlement class member understands the terms of

10  the proposed settlement and the options they have.  *See, e.g.*, *Wal-Mart Stores, Inc. v. Visa*

11  *U.S.A. Inc.*, 396 F.3d 96, 114 (2d Cir. 2005).[6]

12       As to fee request disclosures, courts have held that, as with the other terms of the

13  settlement, notice need only be "very general" and contain an "an estimation of attorneys'

14  fees and other expenses."  *O'Brien*, 739 F. Supp. at 901.  Indeed, as here, "notice of a

15  settlement often does not contain detailed information about the amount of fees but simply

16  notifies class members of the fee's outside limit."  *Powers v. Eichen*, 229 F.3d 1249, 1255

17  (9th Cir. 2000).  This procedure reflect the "expectation . . . that the fees will be set by the

18

19  [5]  *See also O'Brien v. National Prop. Analysts Partners*, 739 F. Supp. 896, 901 (S.D.N.Y.
20  1990) (class notice need only provide "sufficient guidance as to the major terms and areas
   of agreement to allow class members to make further inquiry, either by examining the full
21  settlement agreement or by appearing at the settlement hearing"); *see also Cannon v. Texas
   Gulf Sulphur Co.*, 55 F.R.D. 308, 313 n.2 (S.D.N.Y. 1972) (notice was sufficient where it
22  explained what a class member would receive depending on the factors enumerated
23  therein).

24  [6]  *See also Handschu v. Special Servs. Div.*, 787 F.2d 828, 833 (2d Cir. 1986) (class notice
   is expected only to provide sufficient information to "alert class members" to the pendency
25  of the settlement and to "their options in connection" with that pending settlement);
   *Weinberger v. Kendrick*, 698 F.2d 61, 70-71 (2d Cir. 1982) (noting that a class notice
26  should alert class members to "the relevant terms of the proposed settlement," "their
   options in connection with that case," and offer them enough information "to probe more
27  deeply" if desired).

28

- 9 -

1  court upon consideration of the evidence, including the objections of nonintervening [sic]

2  class members." *Rosenbaum v. MacAllister*, 64 F.3d 1439, 1443-44 (10th Cir. 1995).

3       Moreover, FED. R. CIV. P. 23(h) requires that:

4
5  In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement. The following procedures apply:

6
7  (1)    A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. Notice of the motion must be served on all parties and, for motions by class

8  counsel, directed to class members in a reasonable manner.

9
10  (2)    A class member, or a party from whom payment is sought, may object to the motion.

11  (3)    The court may hold a hearing and must find the facts and state its legal conclusions under Rule 52(a).

12
13  (4)    The court may refer issues related to the amount of the award to a special master or a magistrate judge, as provided in Rule 54(d)(2)(D).

14  FED. R. CIV. P. 54(d)(2) provides that:

15
16  (A)    Claim to Be by Motion. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

17
18  (B)    Timing and Contents of the Motion. Unless a statute or a court order provides otherwise, the motion must:

19
20      (i)    be filed no later than 14 days after the entry of judgment;

21      (ii)    specify the judgment and the statute, rule, or other grounds entitling the movant to the award;

22
23      (iii)    state the amount sought or provide a fair estimate of it; and

24      (iv)    disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

25
26       In accord with these requirements, a fee motion must be filed a reasonable time in

27  advance of the time for class members to object to it or request exclusion from the class.

28

1   Lead Plaintiff's papers in support of the Settlement and Plaintiff's Counsel's application

2   for an award of attorneys' fees (and the Brower Declaration in support thereof) are being

3   filed on August 24, 2020 – over a month before the deadline for objections and almost two

4   months before the scheduled fairness hearing on the Settlement and Plaintiff's Counsel's

5   fee motion.  *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 995 (9th Cir.

6   2010) (construing the timing requirement of FED. R. CIV. P. 23(h)).

7        The Notice here (*see* Epiq Decl., Ex. A), clearly meets and exceeds all of the

8   requirements as to content for a class notice.  The long-form Notice, *inter alia*: (1) the

9   nature of the Action; (2) the defines the Class as certified; (3) specifies the Class securities

10  claims; (4) describes the binding effect of a class judgment on members under FED. R. CIV.

11  P. 23(c)(3); (5) details the terms of the Settlement and the releases that would be

12  exchanged; (6) summarizes the history of the litigation; (7) describes the parties and the

13  Class; (8) discusses the settlement negotiations; (9) discusses Lead Plaintiff's damages

14  estimates of recoverable damages at trial for the Class; (10) details the Plan of Allocation;

15  (11) details the percentage and per share recoveries to Class Members based on the dates

16  of their purchases and sales, if any, of Allied common stock during the Class Period; (12)

17  details the maximum amount that Plaintiff's Counsel would seek in attorneys' fees; (13)

18  describes Class members' right to request exclusion from the Class or appear through

19  personal counsel of their choosing and/or to object to the Settlement, Plan of Allocation,

20  request for attorneys' fees and reimbursement of expenses and/or Lead Plaintiff's request

21  for reimbursement of his time and expenses representing the Class; (14) specifies the

22  deadlines for asserting these rights and procedures for doing so; (15) provides addresses, a

23  toll-free telephone number and a website where Class members may obtain additional

24  information; and (16) informs Class Members when Lead Plaintiff's and Plaintiff's

25  Counsel's papers in support of the proposed Settlement, Plan of Allocation and request for

26  attorneys' fees and expenses will be filed with the Court and available for their inspection.

27

28

1        Further, in securities class actions, Congress set forth specific required contents for

2  notices to class members in PSLRA cases regarding fee applications by successful

3  plaintiffs' counsel. *See* 15 U.S.C §78u-4(a)(7).   The Notice also complies with the

4  settlement notice disclosure requirements of the PSLRA regarding the "statement of

5  plaintiff recovery," which states that Class members' average per share recovery will be

6  approximately $0.30 per share; it identifies the attorneys and provides their addresses; it

7  states that there is no agreement on the amount of damages; it provides information on how

8  to contact Lead Plaintiff's representatives to obtain additional information, and it contains

9  a brief description of the reasons why the parties are proposing the Settlement. *See* §78u-

10  4(a)(7)(A)-(B) and (D)-(E).   The Notice also points out that the "average per share

11  recovery" is only an estimate and that "Class Members may receive more or less than the

12  estimated average amount" and provides more accurate per share figures in the Plan of

13  Allocation detailed in the Notice based on the various scenarios in which Class members'

14  transactions in Allied common stock may have occurred during the Class Period.  Indeed,

15  Lead Counsel, with the assistance of their damages expert, provided step-by-step formulas

16  for Class members to calculate their own, individual Recognized Loss by reference to the

17  Plan of Allocation, and the Notice sets forth the full Plan of Allocation to enable Class

18  members to preliminarily calculate the value of their claims (subject to the caveat in the

19  Notice that claims will be reduced *pro rata* by the amount that all claims in the aggregate

20  exceed the amount of the Net Settlement Fund).  *See Marshall*, 550 F.2d at 1178

21  (overruling objection to class notice that did not provide description of class members'

22  recoveries where the notice contained the plan of distribution of the settlement proceeds).

23        The Notice also complies with the attorneys' fee disclosure requirements of the

24  PSLRA by: (a) identifying which counsel intend to make an application for attorneys' fees

25  and costs from the fund established by the settlement for the class; (b) stating the maximum

26  amount of fees and costs that will be sought both as a percentage of the whole and on an

27  average per share basis; and (c) providing a brief explanation supporting the attorneys' fees

28

1    and costs sought. *See* 15 U.S.C. §78u-4(a)(7)(C). That information is both clearly

2    summarized in the summary section at the beginning of the Notice and set forth in more

3    detail in item 15 on page 8 of the Notice.

4            Regarding the requested award of attorneys' fees and expenses, the Notice recites

5    factors, as required by the plain language of the PSLRA supporting the "amount of fees

6    and costs sought," including that: substantial time has been devoted to the Action, that

7    Plaintiff's Counsel has not been reimbursed, that the fees will be used to compensate

8    counsel for their efforts and their risks of representing the Class on a contingent basis, and

9    that the amount is within the range of fees awarded.  Furthermore, consistent with this

10   Court's approval of the form and content of the long-form Notice, the Notice contained all

11   other information that the Court required in its Preliminary Approval Order in compliance

12   with 15 U.S.C. §78u-4(a)(7)(F). In sum, the notice to the Class meets, and indeed exceeds,

13   all requirements of FED. R. CIV. P. 23 (c), (e), and (h), 15 U.S.C. §78u-4(a)(7) of the

14   PSLRA, the applicable case law and due process.

15           Accordingly, the Notice is sufficient because it "'generally describes the terms of

16   the settlement in sufficient detail to alert those with adverse viewpoints to investigate and

17   to come forward and be heard.'" *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 962 (9th

18   Cir. 2009); *see also In re Wireless Facilities, Inc. Sec. Litig.*, 253 F.R.D. 630, 636 (S.D.

19   Cal. 2008).  In sum, the notice program here fairly apprises Class Members of their rights

20   with respect to the Settlement, is the best notice practicable under the circumstances, and

21   complies with the Court's Preliminary Approval Order, Federal Rule of Civil Procedure

22   23, the PSLRA, and due process. *See, e.g.*, *In re Immune Response Sec. Litig.*, 497 F. Supp.

23   2d 1166, 1170 (S.D. Cal. 2007).

24           Accordingly, the notice to the Class met all requirements of FED R. CIV. P. 23(c)

25   and (e), the PSLRA, 15 U.S.C. §78u-4(a)(7), and due process.

26

27

28

1

**V.    CONCLUSION**

2

    For the reasons set forth above and in the Brower Declaration, Lead Plaintiff and

3

Plaintiff's Counsel submit that the Class should receive final certification and the Court

4

should approve the Notice provided to the Class as meeting the requirements of the Federal;

5

Rules of Civil Procedure, the PSLRA and due process.

6

 DATED:  August 24, 2020                      Respectfully submitted,

7

                                                   **MUCKLEROY LUNT, LLC**

8

9

                                                        */s/ Martin A. Muckleroy*

                                               Martin A. Muckleroy (SBN 9634)

10

                                               6077 South Fort Apache Road, Suite 140
                                               Las Vegas, Nevada 89148

11

                                               Telephone: (702) 907-0097
                                               Facsimile: (702) 938-4065

12

                                               martin@muckleroylunt.com

13

                                               *Counsel for Lead Plaintiff Andrey Slomnitsky*
                                               *and Liaison Counsel for the Class*

14

                                               **BROWER PIVEN**

15

                                                  A Professional Corporation
                                               David A.P. Brower

16

                                               136 Madison Avenue, 5th Floor
                                               New York, New York 10016

17

                                               Telephone: (212) 501-9000
                                               Facsimile: (212) 501-0300|

18

                                               brower@browerpiven.com

19

                                               **BROWER PIVEN**
                                                  A Professional Corporation

20

                                               Charles J. Piven (admitted *pro hac vice*)
                                               3704 North Charles Street, #1301

21

                                               Baltimore, Maryland 21218
                                               Telephone: (410) 332-0030

22

                                               Facsimile: (410) 685-1300
                                               piven@browerpiven.com

23

                                               *Counsel for Lead Plaintiff Andrey Slomnitsky*
                                               *and Lead Counsel for the Class*

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ROBBINS GELLER RUDMAN**
   **& DOWD LLP**
Samuel H. Rudman (admitted *pro hac vice*)
Joseph Russello (admitted *pro hac vice*)
William J. Geddish (admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, New York  11747
Telephone:  (631) 367-7100
Facsimile: (631) 367-1173
srudman@rgrdlaw.com
jrussello@rgrdlaw.com
wgeddish@rgrdlaw.com

*Additional Counsel for Plaintiff and the Class*

1

## CERTIFICATE OF SERVICE

2     I hereby certify that the foregoing document was filed on August 24, 2020, and will

3 be sent electronically to the registered participants as identified on the Notice of Electronic

4 Filing (NEF).

5

6                    /s/ Martin A. Muckleroy
                    Martin A. Muckleroy

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28