UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re ALLIED NEVADA GOLD CORP., SECURITIES LITIGATION | Case No. 3:14-cv-00175-LRH-WGC |
| | CLASS ACTION |
| This Document Relates To: | **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |
| ALL ACTIONS. | |

This matter came before the Court for hearing pursuant to the Order Granting Preliminary Approval of Proposed Settlement, Granting Conditional Class Certification, and Providing for Notice to the Class dated June 10, 2020 ("Preliminary Approval Order"). The Court having received declarations attesting to the mailing of the Notice and the publication of the Summary Notice in accordance with the Preliminary Approval Order, the application of Lead Plaintiff and the Defendants for approval of the settlement ("Settlement") set forth in the Stipulation and Agreement of Settlement dated as of January 24, 2020 ("Stipulation"), the proposed Plan of Allocation of the Settlement proceeds, Lead Counsel's application for an award of attorneys' fees and litigation expenses for Lead Plaintiff's Counsel, Lead Plaintiff's request for an award of

- 1 -

reasonable costs and reimbursement of litigation expenses directly relating to his representation of the Class, and interim reimbursement of notice and administration expenses and, following a hearing on November 16, 2020 before this Court to consider the applications, all supporting papers and arguments of Lead Plaintiff and the Defendants, and other proceedings held herein, as well as for the reasons stated on the record by the Court at the hearing before the Court, and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

(a)  This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

(b)  This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

(c)  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Preliminary Approval Order and finally certifies, for purposes of settlement only, a Class defined as: all Persons who purchased Allied common stock in the United States or on a securities exchange in the United States during the period between January 18, 2013 and August 5, 2013, inclusive (the "Class Period"). Excluded from the Class are: (i) Allied, its predecessors, successors, and subsidiaries; (ii) Defendants; (iii) the officers and directors of Allied during the Class Period; (iv) members of the immediate families of any Defendant; (v) any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and (vi) the heirs, successors, and assigns of any Person excluded from the Class pursuant to Paragraph 1.5 of the Stipulation.

(d)  Also excluded from the Class are Mr. Dale Marcus and Ms. Rebecca L. Starr, who timely and properly requested exclusion from the Class and they shall not be bound by this Judgment.

(e) The Court finds that: (a) the Members of the Class are so numerous that joinder of all Class Members in the Class is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual question; (c) the claims of Lead Plaintiff are typical of the claims of the Class; (d) the Lead Plaintiff and his counsel have fairly and adequately represented and protected the Members of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the Members of the Class individually controlling the prosecution with separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

(f) The Court confirms the appointments of Lead Plaintiff Andrey Slomnitsky ("Lead Plaintiff") as the Class Representative and Brower Piven, A Professional Corporation ("Brower Piven"), as Class Counsel.

(g) The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Class Members who could be identified through reasonable effort, and was disseminated in accordance with the Preliminary Approval Order. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, the Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and/or reimbursement of litigation expenses for Lead Plaintiff's Counsel, and Lead Plaintiff's request for an award for his reasonable time and expenses directly relating to his representation of the Class, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, as amended, and all other applicable law and rules. Additionally, that notice of the Settlement, pursuant to the Class Action Fairness Act, 28 U.S.C. §1715(b), was properly provided to the

United States Attorney General and the attorneys general of all 50 states, the District of Columbia and the Commonwealth of Puerto Rico. This Court notes there are no objections to the forms or methods for providing notice to the Class or the implementation of the notice program.

(h) Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(i) said Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(ii) there was no collusion in connection with the Stipulation;

(iii) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(iv) the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

(i) The Court having heard and considered the objection of Mr. John Connor, the sole Class Member to object to the Settlement, and the responses of counsel for the Parties to Mr. Connor's objection, finds that Mr. Connor's objection is hereby overruled.

(j) Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses the Litigation and all claims asserted therein with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

(k) Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiff shall, and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Defendant Parties (including Unknown Claims), whether or not such Class Member executes and delivers the Proof of Claim and Release form or shares in the Net Settlement Fund.

(l) Upon the Effective Date, and as provided in the Stipulation, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from

commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Claims against any of the Released Defendant Parties.

(m) Upon the Effective Date, and as provided in the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against the Releasing Plaintiff Parties. Claims to enforce the terms of the Stipulation or any order of the Court in the Litigation are not released.

(n) This Court hereby approves the Plan of Allocation as set forth in the Notice as fair and equitable. The Court directs the Claims Administrator, under the supervision of Lead Counsel, to proceed with the processing of Proofs of Claim and the administration of the Settlement pursuant to the terms of the Plan of Allocation and, upon completion of the claims processing procedure, to present to this Court a proposed final distribution order for the distribution of the Net Settlement Fund to eligible Class Members, as provided in the Stipulation and Plan of Allocation. This Court notes there are no objections to the Plan of Allocation.

(o) This Court hereby awards and directs payment as provided in the Stipulation to Lead Counsel of the litigation costs, charges, and expenses of Lead Plaintiff's Counsel in the amount of $324,557.52, and attorneys' fees equal to 33 1/3% of the Settlement Fund, with interest to accrue on such amounts at the same rate and for the same periods as has accrued by the Settlement Fund from the date of this Final Judgment to the date of actual payment of said attorneys' fees and expenses to Lead Counsel as provided in the Stipulation.

(p) The Court finds the amount of attorneys' fees awarded herein are fair and reasonable based on: (a) the work performed and costs incurred; (b) the complexity of the case; (c) the risks undertaken and the contingent nature of their employment; (d) the quality of the work performed by Lead Plaintiff's Counsel and their standing and experience in prosecuting similar class action securities litigation; (e) awards to successful plaintiffs' counsel in other, similar litigation; and (f) the substantial benefits achieved for Class Members through the Settlement. This

Court notes there are no objections to Plaintiffs' Counsel's request for an award of attorneys' fees equal to one-third of the Settlement Fund.

(q)     The Court also finds that Lead Plaintiff's Counsel requested costs, charges and expenses, including the costs of experts, were reasonably and necessarily incurred in the prosecution of this Litigation on behalf of Class Members. This Court notes there are no objections to Plaintiffs' Counsel request for reimbursement of expenses incurred in the prosecution of this Action.

(r)     The Court approves an award to Lead Plaintiff for $10,000.00 for his reasonable time and expenses directly relating to his representation of the Class. This Court notes that there are no objections to Lead Plaintiff's request for reimbursement for his time and expenses incurred in representing the Class.

(s)     Lead Counsel may apply, from time to time, for any fees and/or expenses incurred by them solely in connection with the administration of the Settlement and distribution of the Net Settlement Fund to Class Members to the extent any such application combined with the award of attorneys' fees granted in paragraph (o) above does not exceed 33 1/3 percent of the Settlement Fund.

(t)     All payments of attorneys' fees and expenses to Lead Counsel in the Action shall be made from the Settlement Fund, and the Released Defendant Parties shall have no liability or responsibility for the payment of any of Lead Plaintiff's Counsel's attorneys' fees or expenses. All further expenses, if any, incurred in connection with the cost of Notice and administration of the Settlement Fund shall be paid solely from the Settlement Fund upon approval by the Court.

(u)     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties, or (b) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal,

or administrative proceeding in any court, administrative agency, or other tribunal. The Defendants and/or their respective Related Parties may file the Stipulation and/or this Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

(v) Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

(w) The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

(x) The Court finds that, pursuant to the Class Action Fairness Act of 2005, the Defendants provided timely and adequate notice of this Settlement to the appropriate state and federal officials.

(y) In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund is returned to the Defendants or their insurers (less only notice expenses actually incurred in accordance with the Stipulation), then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in the Litigation as of October 10, 2019, as provided in the Stipulation.

1       (z)    Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

      (aa)    The Court directs immediate entry of this Judgment by the Clerk of the Court. This Court finds, for purposes of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay.

      IT IS SO ORDERED.

      DATED this 16th day of November, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE